UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs. Case No. 2:05-cr-71-FtM-33DNF

JARROD T. WARE

______________________________________/

**ORDER**

This matter comes before the Court on Defendant's Appellate Brief (Doc. # 207), filed on October 12, 2005. The Government did not file a responsive brief.

On August 22, 2005, after conducting a hearing, the Honorable Douglas N. Frazier, United States Magistrate Judge, entered an Order of Detention Pending Trial as to Defendant Ware. (Doc. # 77). Among other things, Judge Frazier determined that Defendant should remain in custody pending trial because Defendant has prior convictions for drug possession, crimes of violence, and has had several violations of probation and failures to appear (Doc. # 77 at 1). Further, in determining that Defendant should remain in custody pending trial, Judge Frazier noted that he considered the pretrial services report, the proffers and arguments of counsel, the nature and circumstances of the offense, and the weight of the evidence against the defendant. (Id.)

After Judge Frazier entered his order of detention, Defendant filed a Motion for Rehearing on Bond (Doc. # 120). Defendant

argued that he should have been released on bond because he is gainfully employed, has family members who would "put up land in exchange for a reasonable bond," and because Judge Frazier denied his family members the opportunity to testify at the detention hearing. (Doc. # 120). The Government filed a response in opposition to Defendant's Motion for Rehearing on Bond in which the Government presented the following arguments:

> The Government has no recollection of the defendant being denied the ability to present information by way of proffer or testimony of witnesses. The additional basis that the Defendant wishes the Court to consider for granting a new bond hearing does not address one of the Court's primary findings, namely that the safety of any other person and the community cannot be assured. The defendant's criminal history includes a conviction for Armed Robbery and Possession with Intent to Sell Cocaine. Additionally, the defendant tested positive for marijuana and admitted to using cocaine one week prior to his arrest. The Government contends that the additional facts presented by the defendant in the motion for rehearing on bond do not overcome the presumptions associated with the offense for which the defendant is charged.

(Doc. # 146 at 2).

In an Order dated September 13, 2005, Judge Frazier denied Defendant's Motion for Rehearing on Bond, resting on the same reasons stated in the original Order of Detention Pending Trial. (Doc. # 148). Judge Frazier also noted in his order that "Defendant was allowed to proffer the testimony of any witnesses." (Doc. # 148).

Defendant has now appealed Judge Frazier's decision to deny bond. Defendant's appellate brief focuses on the argument that

Defendant was denied the opportunity to have family members testify at the detention hearing.

Pursuant to 18 U.S.C. § 3145, this matter is before the Court for an independent, de novo review.[1] This Court must determine whether the Magistrate Judge properly concluded that pretrial detention was warranted. United States v. King, 849 F.2d 485, 490 (11th Cir. 1988). Pursuant to 18 U.S.C. § 3142, denial of release rests on two factors: (1) risk of flight; and (2) danger to any other person or to the community. With each factor, the government bears the burden of proof. As to risk of flight, the government's burden is preponderance of the evidence. See United States v.

---

[1] In discussing the split in the Circuits concerning the standard of review to be applied in Bail Reform Act cases, the Eleventh Circuit instructed as follows:

> We find persuasive and adopt the more expansive view of the First, Third, Sixth, Eighth, and Ninth Circuits and characterize these cases as presenting mixed questions of law and fact to be accorded plenary review on appeal. However, we will be chary of disturbing the purely factual findings of the trial court and will do so only if such findings are clearly erroneous. Accordingly, we hold that the criteria set forth at 18 U.S.C.A. § 3142(g)(3) and (4) pose factual questions pertaining to individual characteristics of the defendant . . . subject to the clearly erroneous standard of review. The factors articulated in subsections (1) and (2), and those set forth at Section 3142(c)(2)(A) through (N) are fundamentally different in that they require the trial court to exercise judgment and discretion . . . rendering such determinations mixed questions subject to de novo review before this court.

United States v. Hurtado, 779 F.2d 1467, 1471-1472 (11th Cir. 1985).

Chimurenga, 760 F.2d 400, 405-406 (2d Cir. 1985); United States v. Fortna, 769 F.2d 243, 250 (5th Cir. 1985); United States v. Montamedi, 767 F.2d 1403, 1406-07 (9th Cir. 1985). As to dangerousness, the government must present clear and convincing evidence of the danger the Defendant poses. See 18 U.S.C. § 3142(f) (explicitly establishing the burden of proof as "clear and convincing"). A finding of either danger to the community or risk of flight is sufficient to deny pretrial release; it is not necessary to find both factors present in order to detain a defendant pending trial. King, 849 F.2d at 488.

Upon review of a Magistrate's bond determination, the reviewing court may adopt the decision of the Magistrate or order further hearings. King, 849 F.2d at 490-491.

In considering this matter, the Court has carefully reviewed the pleadings filed in this proceeding, the transcript of the hearing (Doc. # 236), and the findings issued by the Magistrate Judge. (Doc. # 77).

At the outset, it should be noted that Defendant's primary argument, that Judge Frazier did not permit Defendant's family members to testify at the detention hearing, is without merit. The transcript of Defendant's detention hearing of August 22, 2005 contains no statement by Judge Frazier refusing to allow Defendant

to put on witnesses.[2] The undersigned thus adopts Judge Frazier's order of detention for the reasons that follow.

The Defendant is charged with Conspiracy to Possess with Intent to Distribute Five (5) Kilograms or more of Cocaine and Fifty (50) grams or more of Cocaine Base in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846. (Doc. # 7).

The Magistrate Judge found that the evidence at the detention hearing established that Defendant posed a safety risk to the community. Judge Frazier determined that the presumption created by Title 18, United States Code, Section 3142(g), had not been overcome.[3] (Doc. # 77). Judge Frazier found that "no condition or

---

[2] During the hearing, Defendant's attorney Mr. Harris, stated, "I have his mother here, who's a well-respected real estate agent here in town. His father of course is deceased. I have his brother here, Riley Ware. Mrs. Ware would be glad to put up property on his behalf and become a third-party custodian on his behalf." (Doc. # 236 at 5-6). However, the record does not show that Defendant called his Mrs. Ware or Riley Ware. This Court does not conclude from the lack of testimony of these witnesses that Judge Frazier prohibited Defendant from offering their testimony.

[3] 18 U.S.C. § 3142(g) states in pertinent part:

> Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic

(continued...)

combination of conditions of release will reasonably assure the appearance of the Defendant as required or the safety of any other person and the community." (Doc. # 77). This Court agrees.

In this case, the only basis for appeal Defendant identified was that the Magistrate forbade Defendant from offering the testimony of his relatives at the detention hearing. The transcript of the testimony does not support Defendant's argument. The Defendant has failed to identify any statements from Judge Frazier indicating that witnesses would not be allowed. In addition, this Court's review of the transcript of the detention hearing does not support that Defendant was denied the opportunity to present witnesses. Defendant has not demonstrated any reason for this Court to permit a re-hearing on the issue of bond. Due to Defendant's prior convictions, the pretrial services report, and the proffers noted in the record below, this Court determines that the Magistrate ruled correctly in denying bond, and that no condition of pretrial release could assure the appearance of

---

[3](...continued)
drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (A) the person's character, physical and mental, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation on parole, or on other release pending trial, sentencing . . .

Defendant at trial as required or the safety of any other person and the community.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Order of Detention and Order denying Defendant's Motion for an additional bond hearing are **AFFIRMED and ADOPTED.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 14th day of November, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record